UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKIM BRUNSON,

                              Plaintiff,

          v.                                                    No. 12-CV-9465 (KMK)

WARDEN DUFFY and NEW YORK                                       OPINION AND ORDER
STATE BOARD OF PAROLE,

                              Defendants.

Appearances:

Shakim Brunson
New York, NY
*Pro Se Plaintiff*

Jeffrey Scott Dantowitz, Esq.
Office of Corporation Counsel NYC
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

I.  Background

     A.  Factual History

     In 2007, Plaintiff was convicted in New York state court of two counts of burglary in the

third degree, one count of grand larceny in the fourth degree, one count of criminal possession of

stolen property in the fourth degree, one count of criminal possession of stolen property in the

fifth degree, and one count of possession of burglar  tools.  *See People v. Brunson*, 888 N.Y.S.2d

22, 23 (App. Div. 2009).[1]  Plaintiff was thereafter sentenced to an aggregate term of

---

[1] Plaintiff was also convicted of one count of criminal possession of a forged instrument
in the second degree, but the Appellate Division dismissed that count on direct appeal.  *See
People v. Brunson*, 888 N.Y.S.2d 22, 23 (App. Div. 2009).

imprisonment of five-to-ten years, which sentence the Appellate Division later reduced to three-to-six years.  (*See* Compl. (Dkt. No. 2), Ex. A ¶ 7.)

Plaintiff was conditionally released on parole in January 2012.  (*See id.* ¶ 8.)  In April 2012, however, Plaintiff was arrested and charged with fourth-degree grand larceny.  (*Id.*)  He was thereafter notified, in May 2012, that he had violated the conditions of his parole.  (*Id.*)  Subsequently, at a June 2012 hearing, Plaintiff was sentenced to "max plus 21 days" in prison—i.e., he was ordered to serve the maximum of the remainder of his unexpired term, which ended on July 14, 2012, plus twenty-one additional days—such that he was scheduled to be released on August 4, 2012.  (*Id.* ¶ 9; *see also* Compl., Ex. B ("Violation of Release Report" indicating "Max. Expiration" date of July 14, 2012).)

In his Complaint, Plaintiff alleges that he was ultimately released on October 23, 2012, after a state court "l[i]fted [a] parole hold and granted [him] immediate[] release" in response to a petition for a writ of habeas corpus that he first filed in state court on September 6, 2012.  (Compl. at 8 ("Statement of Facts"); *see also id.* Ex. A (habeas petition, filed Oct. 2, 2012).)  Plaintiff thus alleges that he was "held past[] [his] parole maximum release date," and that, during his period of prolonged incarceration, he suffered high blood pressure, he "had to be evaluated/observe[d] by mental health officials," he "injured [his] right ankle," he "was given [the] wrong medication by [an] officer," and he "was denied [the ability] to practice [his] religio[n]."  (*Id.* at 3.)  Plaintiff requests $10,000 from Defendant Warden Duffy "for compensation[] for injuries and [for] being held past[] [his] maximum release date."[2]  (*Id.* at 5.)

---

[2] In his Complaint, Plaintiff also requested $10,500 in compensation from Defendant New York State Board of Parole, for a total of $20,500 "from [both] defendants."  (*See* Compl. at 5.)  However, as the Court will explain, that Defendant was dismissed, and thus the Court interprets Plaintiff's Complaint to request only $10,000 from Defendant Warden Duffy.

B.  Procedural History

Plaintiff filed the instant Complaint in December 2012 against Warden Duffy and the New York State Board of Parole (collectively, "Defendants").  (*See* Compl.)  The case was originally assigned to Judge Ramos, (*see* Dkt. No. 6), who issued an order in January 2013 dismissing the claims against Defendant New York State Board of Parole on Eleventh Amendment immunity grounds and denying Plaintiff's request for appointment of pro bono counsel, (*see* Dkt. No. 8).  Subsequently, Judge Ramos set a briefing schedule in May 2013 after holding a hearing at which Plaintiff failed to appear.  (*See* Dkt. (minute entry for proceedings held on May 29, 2013).)  Pursuant to that schedule, Defendant Warden Duffy ("Defendant") filed a Motion To Dismiss all claims against him in July 2013.  (*See* Notice of Mot. (Dkt. No. 14.)

The Case was then reassigned to this Court.  (*See* Dkt. (indicating that the case was reassigned on July 16, 2013).)  After Plaintiff missed his September 3, 2013 deadline to respond to Defendant's Motion, the Court issued an order on October 25 allowing Plaintiff to file a response within twenty days of the Order.  (*See* Dkt. No. 16.)  The Court also informed Plaintiff that, if he failed to respond, "the Court [would] consider Defendant's Motion unopposed" and that "Plaintiff [would] risk dismissal." (*Id.*)  The Docket reflects that the Clerk of the Court mailed a copy of the Order to Plaintiff.  (*See* Dkt. (minute entry for Dkt. No. 16, indicating that "The Clerks Office Has Mailed Copies").)  Nevertheless, Plaintiff failed to file a response within that deadline, and he has not attempted otherwise to respond to Defendant's Motion.  The Court will therefore consider the Motion unopposed. *See Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) (explaining that district courts should consider the merits of a motion to dismiss rather than automatically grant the motion if a plaintiff fails to respond).

## II.  Discussion

### A.  Legal Standard

The Supreme Court has held that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citations omitted).  Instead, it has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563.  A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. But if a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

In considering Defendant's Motion To Dismiss, the Court is required to accept as true the factual allegations contained in the Complaint. *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable

inferences in the plaintiff's favor." (internal quotation marks omitted)); *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (same).  Moreover, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally and "interpret them to raise the strongest arguments that they suggest." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 347 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 5 (2d Cir. 2006).  This admonition "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet*, 640 F. Supp. 2d at 348; *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).  But the liberal treatment afforded to pro se litigants does not exempt a pro se party "from compliance with relevant rules of procedural and substantive law." *Maisonet*, 640 F. Supp. 2d at 348 (internal quotation marks omitted).

B.  Analysis

The Court interprets the Complaint to bring a claim under 42 U.S.C. § 1983, which "create[s] a cause of action that [gives] 'a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position.'" *Poventud v. City of New York*, — F.3d —, 2014 WL 182313, at *4 (2d Cir. Jan. 16, 2014) (en banc) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). (*See also* Dkt. No. 8 at 1 (interpreting Complaint to bring a § 1983 claim).)  Here, Plaintiff alleges that he was held in state prison beyond the expiration of his sentence. (*See* Compl. at 3.)  The Second Circuit has interpreted such a claim to fall under the

Fourteenth Amendment's guarantee of due process, either as a general guarantee of a "liberty

interest in being set free at the end of [a] term" of imprisonment, or as a specific guarantee of the

Eighth Amendment's "protection against cruel and unusual punishment" as applied to the states.

*See Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 653–54 (2d Cir. 1993); *see also*

*Campbell v. Peters*, 256 F.3d 695, 700 (2d Cir. 2001) (recognizing an Eighth Amendment

claim); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) ("Detention beyond the

termination of a sentence could constitute cruel and unusual punishment if it is the result of

'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held

to be unconstitutional only if it violates due process." (citations omitted)); *cf. United States v.*

*Georgia*, 546 U.S. 151, 157 (2006) (noting that "the Due Process Clause of the Fourteenth

Amendment incorporates the Eighth Amendment's guarantee against cruel and unusual

punishment" (internal citations omitted)).  To allege a claim generally under the Fourteenth

Amendment in this context, a plaintiff must allege that he was denied "an opportunity to be

heard at a meaningful time and in a meaningful manner" with respect to his prolonged-

incarceration claim. *Calhoun*, 999 F.2d at 653 (internal quotation marks omitted).  And to allege

such a claim under the Eighth Amendment, a plaintiff must demonstrate that the defendant was

"deliberately indifferent" to his prolonged incarceration. *See id.* at 654; *see also Montanez v.*

*Thompson*, 603 F.3d 243, 252 (3d Cir. 2010) ("In the context of an Eighth Amendment claim for

incarceration without penological justification, [the Third Circuit] has held that a plaintiff must

demonstrate three elements to establish § 1983 liability against a prison official: (1) a prison

official had knowledge of the prisoner's problem and thus of the risk that unwarranted

punishment was being, or would be, inflicted; (2) the official either failed to act or took only

ineffectual action under the circumstances, indicating that his response to the problem was a

product of deliberate indifference to the prisoner's plight; and (3) a causal connection between

the official's response to the problem and the unjustified detention."); *Burke v. Johnston*, 452

F.3d 665, 669 (7th Cir. 2006) ("[W]e agree that incarceration after the time specified in a

sentence has expired violates the Eighth Amendment if it is the product of deliberate

indifference."); *Thornton v. Hobbs*, 16 F.3d 1228, 1228 (8th Cir. 1994) (per curiam)

(recognizing an Eighth Amendment protection against "holding a prisoner beyond his or her

term" where "the prisoner can show the officials acted with deliberate indifference as to whether

the prisoner suffered an unjustified deprivation of his or her liberty"); *Golson v. Dep't of Corrs.*,

914 F.2d 1491, 1491 (4th Cir. 1990) (per curiam) ("Incarceration beyond the termination of

one's sentence may state a claim under . . . the eighth amendment.  However, . . . [t]o prevail

under an eighth amendment theory, a plaintiff must demonstrate that defendants acted with

deliberate indifference." (citations omitted)).

To allege a § 1983 claim under either amendment, "[i]t is well settled that . . . a plaintiff

must show, *inter alia*, the defendant's personal involvement in the alleged constitutional

deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  But, "[a]

defendant in a § 1983 action may not be liable merely because he holds a high position of

authority."  *Reyes v. City of New York*, — F. Supp. 2d —, 2014 WL 173412, at *6 (S.D.N.Y. Jan.

16, 2014).  Instead, a plaintiff bringing a § 1983 claim against a person in a supervisory position

must show that the defendant "participated directly" in a constitutional violation, "failed to

remedy" a violation "after being informed of [it]," "created a policy or custom under which

unconstitutional practices occurred," "was grossly negligent in supervising subordinates who

committed the wrongful acts," or "exhibited deliberate indifference . . . by failing to act on

information indicating that unconstitutional acts were occurring." *Colon v. Coughlin*, 58 F.3d

865, 873 (2d Cir. 1995).

Here, the Complaint names Warden Duffy as a defendant, (*see* Compl. at 1), but it

contains no allegations tying Warden Duffy to Plaintiff's prolonged incarceration.  Instead, it

generally alleges that Plaintiff "was held against his will," and that he "could not post[] bail[]

due to [a] parole hold . . . not being l[i]fted." (*Id.* at 3.)  But these allegations do not describe

how Warden Duffy was responsible—either personally or in a supervisory capacity—for

Plaintiff's allegedly unlawful confinement or for his parole hold not being lifted.  *See Reyes*,

2014 WL 173412, at *6 ("Where the complaint names a defendant in the caption but contains no

allegations indicating how the defendant violated the law or injured the plaintiff, a motion to

dismiss the complaint in regard to that defendant should be granted." (alterations and internal

quotation marks omitted)); *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 435

(S.D.N.Y. 2004) (dismissing § 1983 claims where plaintiff "[did] not mention [the defendant]

anywhere in his complaint[] or specifically allege his personal involvement in any of the actions

that led to the alleged deprivations of [his] constitutional or federal rights").

The Complaint does allege that Plaintiff notified various officials about his prolonged

incarceration.  For example, it alleges that Plaintiff filed a grievance in which he claimed that he

was "[b]eing held past[] [his] maximum release date," but that the "staff" ultimately "[r]uled"

that this was a "non-grievable issue." (Compl. at 4.)   And the Complaint alleges that Plaintiff

contacted two parole officers at some point. (*Id.* at 5.)  However, these allegations, standing

alone, are insufficient to allege that Defendant himself was "deliberately indifferent" to

Plaintiff's situation, or that he took any actions resulting in a denial of Plaintiff's due process

rights in his attempts to secure release.  For example, the Complaint does not allege that

Defendant personally knew about Plaintiff's prolonged incarceration, that he was informed about

the grievance or Plaintiff's contact with the parole officers, that he created a policy or custom

under which Plaintiff was denied the opportunity to be heard, or that he was grossly negligent in

supervising the employees who reviewed Plaintiff's grievance or otherwise knew about his

claim.  *See Colon*, 58 F.3d at 873; *see also Beahm v. Burke*, — F. Supp. 2d —, 2013 WL

5964018, at *5 (E.D. Pa. Nov. 7, 2013) ("[I]n order to obtain relief for continued detention under

§ 1983, a prisoner must show that a prison official was aware of his overstay and was

deliberately indifferent in rectifying the problem."); *Todd v. Hatin*, No. 13-CV-05, 2013 WL

3990815, at *5 (D. Vt. Aug. 5, 2013) (finding that plaintiff stated a § 1983 claim where he

alleged that prison officials "kn[ew] about his unwarranted imprisonment" and that there was a

"connection between the [d]efendants' inactions or ineffectual actions and the time that [the

plaintiff] was wrongfully incarcerated"); *Armato v. Grounds*, 944 F. Supp. 2d 627, 635 (C.D. Ill.

2013) (granting summary judgment for prison warden because "he was not involved in the

calculations of prisoner release dates or related release decisions"); *Armstead v. Dep't of Corrs.*

*Comm. Supervision*, No. 13-CV-88, 2013 WL 1312017, at *4 (E.D.N.Y. Mar. 28, 2013)

(dismissing complaint because it "offer[ed] no facts to show that either of the supervisory

defendants actually received and read [plaintiff's correspondence], or that they were at any point

aware of the circumstances of his detention"); *Lozada v. Warden Downstate Corr. Facility*, No.

10-CV-8425, 2012 WL 2402069, at *3 (S.D.N.Y. June 26, 2012) (dismissing prolonged-

incarceration claim against a warden because "[a] prison official cannot be personally liable

under § 1983 on the basis of respondeat superior or simply because he is atop the prison

hierarchy" and the complaint "fail[ed] to allege [the warden's] direct involvement" in the

prolonged incarceration); *Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 166 (S.D.N.Y. 2007) (granting summary judgment where plaintiff was "unable to show that any of [defendant's] actions . . . caused his extended incarceration").

The Complaint does allege that Plaintiff filed a petition for a writ of habeas corpus on September 6, 2012, although it is unclear, from the allegations in the Complaint, whether Plaintiff named Defendant as a respondent, and whether the petition made claims that would have put Defendant on notice as to Plaintiff's alleged prolonged incarceration.  (*See* Compl. at 8; *see also id.*, Ex. A (Plaintiff's second habeas petition, wherein his attorney noted that his first petition was filed pro se, and that it "did not completely articulate the basis for his claim").)  The Complaint does attach, as an exhibit, a copy of a second petition for a writ of habeas corpus (filed on October 2, 2012) in which Plaintiff did name Defendant as a respondent and did raise the claim that he was being held past the expiration date of his sentence.  (*See* Compl. Ex. A.) However, even if the Court construed this to be an allegation that Defendant had notice of Plaintiff's prolonged incarceration on October 2, 2012, the Complaint would still fail to allege an Eighth Amendment violation given that the Complaint also alleges that Plaintiff was released on October 23, 2012, twenty-one days after he filed the petition.  *See Calhoun*, 999 F.2d at 654 (holding that a "five-day extension of [the plaintiff's] release date did not inflict a harm of a magnitude that violates a person's eighth amendment rights" (internal quotation marks omitted)); *Herron v. Lew Sterrett Justice Ctr.*, No. 07-CV-357, 2007 WL 2241688, at *3 (N.D. Tex. Aug. 6, 2007) ("Unauthorized confinement for thirty-one days does not raise a harm of a constitutional magnitude."); *cf. Gilblom v. Gillipsie*, No. 08-CV-1672, 2010 WL 1813494, at *9 (W.D. Pa. Apr. 6, 2010) (noting that "[c]ases in which an Eighth Amendment claim has been recognized in the context of an overstay [in prison] involve significant periods of time," and

citing cases involving 145 days to two years of prolonged confinement), *adopted by* 2010 WL

1813483 (W.D. Pa. May 5, 2010), *aff'd*, 435 F. App'x 165 (3d Cir. 2010).  And it would fail to

allege a Due Process violation because Plaintiff received the process he was due.  *See Peterson*

*v. Tomaselli*, 469 F. Supp. 2d 146, 166 (S.D.N.Y. 2007) (rejecting the plaintiff's procedural-due-

process claim based on alleged prolonged incarceration because "[p]laintiff could have initiated

either an Article 78 proceeding or a state habeas proceeding to adjudicate his claim regarding his

release date"); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d

877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation . . . when there is an adequate

state postdeprivation procedure to remedy a random, arbitrary deprivation of property or

liberty."); *cf. People ex rel. Porter v. Napoli*, 867 N.Y.S.2d 733, 734 (App. Div. 2008) ("Habeas

corpus relief is available . . . if an inmate can demonstrate that he or she is entitled to immediate

release from prison.").  Accordingly, the Court dismisses Plaintiff's § 1983 claim without

prejudice.[3]

### III.  Conclusion

For the reasons stated herein, Defendant's Motion To Dismiss is granted.  But because

Plaintiff is proceeding pro se, the Court will give him thirty days to submit an amended

complaint.  *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ("Certainly [a] court should

not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal

---

[3] In addition to raising a claim based on prolonged incarceration, the Complaint also contains allegations detailing a number of "injuries" Plaintiff suffered during his extended prison term.  (*See* Compl. at 3 (alleging high blood pressure, mental-health issues, a right-ankle injury, receipt of incorrect medication, and denial of the right to practice religion).)  To the extent the Complaint could be construed to raise an independent Eighth Amendment or First Amendment claim based on these allegations, the Court notes that the Complaint does not allege that Defendant was personally involved in any of these injuries.  The Court would thus dismiss those claims as well.

reading of the complaint gives any indication that a valid claim might be stated."); *Morrissette v.*

*Cripps*, No. 10-CV-8795, 2011 WL 4089960, at *4 (S.D.N.Y. Sept. 14, 2011) ("Because a pro se

plaintiff should be allowed to amend his complaint in response to a motion to dismiss, the

dismissal is without prejudice . . . [and] [t]he plaintiff is granted leave to file an amended

complaint within 30 days." (citation and emphasis omitted)).  The Clerk of Court is respectfully

directed to terminate the pending Motion. (*See* Dkt. No. 14.)

SO ORDERED.

DATED:      March 3 1   , 2014
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

12