UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
SHAKIN BRUNSON,                                                     :
:
                Plaintiff,                      :
:
           -v-                                    :    12-cv-9465 (KBF)
:
WARDEN DUFFY et al.,                                                :    OPINION & ORDER
:
                Defendants.                     :
:
------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 6, 2015

KATHERINE B. FORREST, District Judge:

      Plaintiff Shakim Brunson commenced this § 1983 action against Warden Duffy of the George R. Vierno Center ("GRVC") on December 28, 2012.[1] (ECF No. 2.) Judge Karas dismissed the case without prejudice for failing adequately to allege any facts as to Warden Duffy, as well as questioning whether the claim stated a constitutional violation. (ECF No. 18 ("Prior MTD Op.").) Plaintiff was provided an opportunity to amend his complaint, which he did on May 28, 2014. (ECF No. 20 ("Am. Compl.").) Defendant Duffy moved to dismiss that complaint on September 18, 2014. (ECF No. 33.) That motion became fully briefed on November 5, 2014. (ECF No. 36.) This matter was transferred to the undersigned on March 6,

---

[1] Plaintiff also named the New York State Board of Parole (the "NYSBOP") as a defendant. (ECF No. 2.) Plaintiff's claims against the NYSBOP were dismissed on Eleventh Amendment immunity grounds in an order dated January 22, 2013. (ECF No. 8.)

2015.  For the reasons set forth below, the Court now DISMISSES this action with prejudice.[2]

The following facts are taken from plaintiff's amended complaint (Am. Compl.) and the habeas petition accompanying his initial complaint (ECF No. 2-1 ("Pet.").  Plaintiff alleges that he was released from a period of incarceration in January 2012.  (Pet. ¶ 8.)  He was returned to prison for a parole violation in April 2012.  (Pet. ¶ 8.)  At a June 2012 hearing he was sentenced to "max plus 21 days"—that is, the unexpired remainder of his original term plus 21 days.  (Pet. ¶ 9.)  He was scheduled to be released on August 4, 2012.  (Pet. ¶ 9; see Am. Comp. §§ II.C, IV.E.1.)  Plaintiff alleges that he was wrongfully incarcerated for two months and twenty-one days.[3]  (See Am. Compl. § V.4.)  This suit followed.

Plaintiff has brought a claim under 42 U.S.C. § 1983 against Warden Duffy, alleging that he is responsible for several injuries plaintiff sustained as a result of detention past the expiration of his sentence.  (See Am. Compl. § V.)  The Court construes plaintiff's claims liberally.

Judge Karas set forth the governing legal standards in his prior decision dated March 31, 2014.  (Prior MTD Op.)  Plaintiff has failed to add allegations in his amended complaint that alter the result reached by Judge Karas in his prior opinion.  In particular, that decision indicated that the lack of specific allegations as

---

[2] Defendant's motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court applies the standards applicable to such motions with due regard for plaintiff's status as a pro se litigant.  (See Prior MTD Op. at 4-5.)

[3] Although October 25, 2012 was two months and twenty-one days after plaintiff's alleged scheduled release, his opposition brief states that he was released on October 21, 2012.  (See ECF No. 35 at 2-2.)

to Warden Duffy rendered plaintiff's claim subject to dismissal as a matter of law. The amended complaint does not add allegations as to Warden Duffy.

In his opposition to defendant's motion, plaintiff has argued that sometime in September 2012, Duffy made rounds to housing units, and at that time plaintiff informed defendant that his maximum release date had passed. (ECF No. 35 ("Opp'n Br.") at 1-2.) Plaintiff states that the defendant told him that he would check with the general office. (Opp'n Br. at 1-2.) Plaintiff further asserts that he never received any response from defendant. (Opp'n Br. at 2-2.) These assertions are not contained in his underlying pleading and they are not contained in a form in which they have been sworn to or verified. It is axiomatic that a plaintiff—even a pro se plaintiff—may not amend a complaint by way of new facts included in his opposition to a motion to dismiss. E.g., Baez v. New York, No. 12–cv–8229 (AJN), 2014 WL 4988237, at *12 (S.D.N.Y. Sept. 29, 2014) (pro se "[p]laintiff cannot amend her Complaint in her opposition to a motion to dismiss"); K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss.").[4] Accordingly, the Court need not consider these additional assertions. Even if the Court were to consider them, it would not change the result herein as they are insufficient to support an assertion

---

[4] In Mahon v. McCall, 13 Civ. 2076 (RA), 2014 U.S. Dist. LEXIS 129666 (S.D.N.Y. Sept. 15, 2014), the district court considered allegations raised for this first time in plaintiff's opposition to a motion to dismiss, see id. at *1-2. That case does not cite a new or different principle from those cited above. It demonstrates the proposition that a district court needs to assess each case on an individual basis. The Court is not required in all instances to consider allegations raised in a pro se plaintiff's opposition papers. Mahon does not dictate that the Court reach a different result here.

that Warden Duffy himself took actions contrary to plaintiff's rights.  Indeed, they suggest the opposite.  Plaintiff has failed to support his claim with any allegations of deliberate indifference, or any other allegations supportive of liability under Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  (Cf. Prior MTD Op. at 7-8.)

In all events, plaintiff's claim of delay does not rise to the level of an actionable deprivation of rights.   While any delay in release is concerning, not all delays in release are actionable.  Moreover, shortly after plaintiff raised the issue of delay in his habeas petition, he was released.  (See Prior MTD Op. at 10-11.)

Accordingly, for the reasons set forth above, this action is DISMISSED with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the motion at ECF No. 33 and to terminate this action.

SO ORDERED.

Dated:   New York, New York
         March 6, 2015

_____
KATHERINE B. FORREST
United States District Judge

Copy to:
Shakim Brunson
93 Lewis Avenue, Apt. #2F
Brooklyn, NY 11206